Yang SHI, Petitioner,

v.

Alberto R. GONZALES, Attorney General,[1] Respondent.

No. 04–1914–ag.

United States Court of Appeals, Second Circuit.

Dec. 30, 2005.

---

1. Pursuant to Federal Rule of Appellate Pro- cedure 43(c)(2), Attorney General Alberto R.

Kangsun Yang, Yang & Lan, P.C., Flushing, New York, for Petitioner.

Michael J. Sullivan, United States Attorney; Anton P. Giedt, Assistant United States Attorney, Boston, Massachusetts, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Yang Shi petitions for review of the March 22, 2004 order of the Board of Immigration Appeals ("BIA") affirming the order of the immigration judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Familiarity with the facts and the procedural history of the case is presumed.

Where the BIA adopts and summarily affirms a decision of an IJ, we review the decision of the IJ directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review an IJ's credibility determination under the "substantial evidence standard," *see id.* at 307, wherein "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." 8.U.S.C. § 1252(b)(4)(B). Where an "adverse credibility finding is based on specific examples in the record of 'inconsistent statements' by the asylum applicant about matters material to his claim of persecution ... a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004) (quoting *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000)).

 As support for the IJ's adverse credibility finding, the IJ cited discrepan-

Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

cies between Shi's testimony and his asylum applications, including how he had become involved in the practice of Falun Gong and the sale of Falun Gong materials, where he was when he received the telephone call alerting him that his bookstore was to be raided, and whether he returned home after learning of the raid. Shi attempts, in his petition for review, to offer some explanations for some of the discrepancies, although he offers no reason why these explanations were not given when the IJ questioned him about the discrepancies. We conclude that the IJ's adverse credibility finding is supported by substantial evidence and that Shi failed to satisfy his burden of proving his entitlement to asylum. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (per curiam).

■ Because claims for withholding of removal face a heavier burden of proof than claims for asylum, *see Zhou Yun Zhang,* 386 F.3d at 71, an applicant who fails to establish eligibility for asylum necessarily fails to establish eligibility for withholding where, as here, the applicant's testimony is the only evidence that his or her "life or freedom would be threatened" in the home country. 8 U.S.C. § 1231(b)(3)(A). Shi has also failed to demonstrate that he would be tortured if returned to China, and therefore, his claim under the CAT fails as well. 8 C.F.R. § 208.16(c)(2); 8 C.F.R. § 208.18(a); *see also Wang v. Ashcroft,* 320 F.3d 130, 133–34 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED, and the prior stay of removal is VACATED.